IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JOHN L. OWENS,

    Petitioner,

vs.
                                            CASE NO. 4:06cv343-MP/WCS

JAMES McDONOUGH,

    Respondent.

                                  /

## REPORT AND RECOMMENDATION

Petitioner John L. Owens, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges a judgment in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 2004-CF-97. He was convicted of criminal use of personal identification information after a conditional guilty plea. The combined monetary loss caused by this offense was $3,651.23. Ex. A, R. 7.

Respondent filed an answer, doc. 9, and the record, docket entry 10.[1] Respondent concedes that the petition is timely and that state court remedies have been exhausted as to the claims presented here. Petitioner filed a traverse, doc. 15.

**The state record**

Petitioner entered a plea of guilty to count I, criminal use of personal identification information, in violation of FLA. STAT. § 817.568(2)(a), preserving his constitutional claim. Ex. A, R. 60; Ex. B (transcript), p. 6. This was a plea to a felony in the third degree punishable, *inter alia*, by FLA. STAT. § 775.082. The maximum prison sentence was 5 years. FLA. STAT. § 775.082((3)(d).

However, a higher maximum sentence was provided by another statute, FLA. STAT. § 924.002, et seq., entitled The Criminal Punishment Code. FLA. STAT. § 921.0024(2), establishing a sentencing worksheet for calculating an offense score, provides in part:

> If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed. If the total sentence points are greater than or equal to 363, the court may sentence the offender to life imprisonment.

FLA. STAT. § 921.0024(2).

It was explained to Petitioner during the guilty plea colloquy that the lowest possible prison sentence was 311.25 months (rather than 60 months) due to the calculation of sentencing points under FLA. STAT. § 921.0024(2), and the statutory maximum sentence was life imprisonment because the sentence points for Petitioner's

---

[1] The record is submitted in paper form only. Docket entry 10. References herein will be to the exhibit of the record and the page number, using the page numbers stamped in the lower right hand corner (record on appeal) where available.

sentence exceeded 363. Ex. B, p. 8. The increase of the statutory maximum sentence to life imprisonment was based entirely on Petitioner's criminal history of 15 convictions for armed robbery, one conviction for attempted robbery with a firearm conviction, and three convictions for armed burglary with a firearm. *Id.*, pp. 8-9. Petitioner stipulated that he had been convicted of these offenses. *Id.*, pp. 20-21.

The claim presented to the state trial court was that Florida's Criminal Punishment Code is *facially* unconstitutional. Ex. A, R. 72-79. The title to the motion was "Motion to Declare Criminal Punishment Code Facially Unconstitutional." *Id.*, R. 72. Four aspects of this claim were argued. Petitioner argued his facial challenge to FLA. STAT. § 921.0024(2), making plain that the claim was not to the statute as applied to Petitioner. *Id.*, pp. 36-46. In relevant part, counsel for Petitioner said:

> This is not an as applied challenge sounding the constitutionality of the Criminal Punishment Code. It's a facial challenge to the constitutionality of the Criminal Punishment Code. We have provided an example in our motion . . . where the floating maximum could come into play pursuant to victim injury points found by the judge, but not found by the jury and that would be a *Blakely* situation, which would mean that the code is unconstitutional pursuant to *Blakely*.
>
> . . . We submit if they are unconstitutional in any case, they are unconstitutional in all cases, and, therefore, the Criminal Punishment Code should be stricken as being facially unconstitutional and we should return to the presentencing guideline scheme where judges are given broad discretion from zero up to the statutory max set forth in 775.082.

*Id.*, pp. 36-37.

Case No. 4:06cv343-MP/WCS

Petitioner then took his claims to the First District Court of Appeal.  In an unwritten opinion, that court apparently found that Petitioner lacked standing, citing Smallridge v. State, 904 So. 2d 601 (Fla. 1st DCA 2005).[2]  Doc. 2, appendix.

Petitioner contends in this court that:

1.  The "floating maximum" sentence under Florida law is unconstitutional after Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) (applying Apprendi to a sentence enhanced under state sentencing guidelines, explaining the term "statutory maximum").  Doc. 2 (memorandum), p. 4.

2.  The "floating maximum" sentence denies due process for lack of adequate notice.  Doc. 2, p. 16.

3.  A life sentence[3] violates the Eighth Amendment.  Doc. 2, pp. 21-24.

4.  The "floating maximum" sentence denied equal protection of the law to Petitioner because Petitioner was treated differently than the State of Florida was treated.  Doc. 2, pp. 24-25.

---

[2] The defendant in Smallridge brought an Apprendi claim, but the First District Court of Appeal held he lacked standing because the 11 year sentence he received did not exceed the statutory maximum sentence of 15 years, and, in any event, the sentencing points for victim injury were supported by the jury verdict of manslaughter. 904 So. 2d at 606-607.  Petitioner would seem to be in a different position from that defendant as his sentence maximum did increase.  The point is not important, however, to the resolution of this petition.

[3] The heading of this section states that a sentence of 311.25 months violates the Eighth Amendment, but the argument is directed only to a life sentence, a sentence which was not imposed upon Petitioner.

**Section 2254 Standard of Review**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.  28 U.S.C. §§ 2254(b)(1), (c)."  O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999).  To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts."  Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard).

If a claim was not fairly presented but is procedurally barred from further state court review, Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

For claims that were properly exhausted and adjudicated in state court, this court's review is limited.  A petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).  "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings.  Hawkins v. Alabama, 318 F.3d 1302, 1309 (11th Cir.

2003) (citations omitted); Carey v. Musladin, 549 U.S. __, 127 S.Ct. 649, 653, 166 L. Ed. 2d 482 (2006).

**Legal analysis**

### Grounds One, Two, Three, and Four

All of Petitioner's challenges to FLA. STAT. § 921.0024(2) in state court were facial challenges. That is the only federal claim that has been exhausted and it is the only claim presented in this court. For example, with respect to the first claim, Petitioner argues that the statute is unconstitutional because it permits the sentencing court to consider victim injury points. Doc. 15, p. 4. Petitioner was sentenced based upon his prior criminal history. Victim injury points concern a hypothetical defendant, not Petitioner. Likewise, in ground three, Petitioner contends that the statute is facially unconstitutional because it subjected him to a possible life sentence. Defendant was not sentenced to life imprisonment, so the issue is again only hypothetical.

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) is available to a prisoner "only on the ground that *he is in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added). Habeas is not available to bring a facial challenge to a criminal statute. Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993).

> A facial challenge to a state statute as violative of a state constitution is not cognizable on federal habeas review. The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991); *Wainwright v. Goode*, 464 U.S. 78, 83-84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983). The Eleventh Circuit has held that federal habeas

review "is no occasion for considering the facial constitutionality of [a state] statute; such elective speculation is better left to the law review." *Jones v. Goodwin*, 982 F.2d 464, 471 (11 Cir.1993) (citing Estelle, 502 U.S. at 68, 112 S.Ct. at 480); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11 Cir.1990).

Baker v. McDonough, 2006 WL 763249, *1 (N.D. Fla., Feb. 23, 2006) (report and recommendation by Magistrate Judge Timothy and order adopting by District Judge Rodgers). Therefore, grounds one through four fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 2254.

Even if the four grounds could be read as cognizable, that is, challenging the validity of the statute as applied to Petitioner, and even if state court remedies had been exhausted as to this "as applied" claim, the claims are without merit for the following reasons.

**Ground One**

Petitioner's sentence was based entirely upon his plea and his prior convictions. Apprendi and Blakely have no application to a sentence enhanced by prior convictions:

> *Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (emphasis added); Blakely v. Washington, 542 U.S. 296, 301, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004) (quoting Apprendi). In James v. United States, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), the Supreme Court recently held:

> To the extent that James contends that the simple fact of his prior conviction was required to be found by a jury, his position is baseless. James admitted the fact of his prior conviction in his guilty plea, and in any case, we have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes.

Case No. 4:06cv343-MP/WCS

*Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

127 S.Ct. at 1600 n. 8.  Likewise, the Eleventh Circuit continues to apply <u>Almendarez-Torres</u>.  <u>United States v. Moore</u>, NO. 06-14831, 2007 WL 1875054, *2 (11th Cir., June 29, 2007).

**Ground Two**

The two sentences of FLA. STAT. § 921.0024(2) quoted above are not ambiguous.  They give reasonable notice to a person of ordinary intelligence as to how prior criminal history may enhance an otherwise lesser sentence.  *See* <u>United States v. Harriss</u>, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954) ("The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.").  Further, in a persuasive opinion the Florida Supreme Court has rejected this due process claim.

> By virtue of the Florida Statutes and the laws of Florida, a defendant has constructive notice of the penalty for statutory crimes.  *See State v. Beasley*, 580 So. 2d 139, 142 (Fla.1991) ("As to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions.").  Moreover, the [Criminal Punishment] Code comports with the due process requirement of fair warning.  It lists every crime and gives a severity ranking for that particular crime.  The Code also contains a worksheet form and directions on how to perform the calculations to arrive at a permissible sentence.  An accused is not deprived of notice of the criminal penalty merely because he must conduct mathematical calculations to determine the penalty.  *See Gardner v. State*, 661 So. 2d 1274, 1276 (Fla. 5th DCA 1995), *overruled on other grounds by White v. State*, 714 So. 2d 440 (Fla.1998).  Accordingly, the Code provides proper notice of a permissible sentence and does not run afoul of due process for lack of notice.

<u>Hall v. State</u>, 823 So.2d 757, 764 (Fla. 2002).

### Ground Three

Petitioner did not receive a sentence of life imprisonment. Thus, he has no Eighth Amendment claim about a life sentence.

Considering the sentence actually imposed, the first step in an Eighth Amendment proportionality claim is to determine whether the sentence is "grossly disproportionate to the offense of conviction." United States v. Arias-Izquierdo, 449 F.3d 1168, 1186 (11th Cir. 2006). It will be assumed without deciding that such a 311.25 month sentence is grossly disproportionate to the offense of identify theft causing a monetary loss of $3,651.23. Next, the court must "consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for the commission of the same crime in other jurisdictions." Id. Petitioner presented no evidence on this point to the state court and provides no evidence in this court. Further, this recidivist sentence is not out of line with sentences the Supreme Court has found not to violate the Eighth Amendment. Ewing v. California, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (denying Eighth Amendment claim for a sentence of 25 years to life for stealing $1,200 worth of property after having previously been convicted of at least two violent or serious felonies).

### Ground Four

This equal protection claim deserves little discussion.

> To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated *to other prisoners* who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.

<u>Sweet v. Secretary, Dept. of Corrections</u>, 467 F.3d 1311, 1318-1319 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 2139 (2007).  Petitioner has cited no case for the proposition argued, that his treatment should be compared to the treatment of the State of Florida.

**Conclusion**

Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2254 petition for writ of habeas corpus filed by John L. Owens, challenging his conviction after a conditional guilty plea for criminal use of personal identification information in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 2004-CF-97, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on July 19, 2007.

                                                    s/    William C. Sherrill, Jr.
                                                    **WILLIAM C. SHERRILL, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**