IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN L. OWENS,

    Petitioner,

v.                                                         CASE NO. 4:06-cv-00343-MP-WCS

JAMES McDONOUGH,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 16, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be denied with prejudice.  The Magistrate Judge filed the Report and Recommendation on Thursday, July 19, 2007.  The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In state court, Petitioner Owens entered a conditional guilty plea to one count of criminal use of personal identification information, a third degree felony with a maximum prison sentence of five years. FLA. STAT. § 775.082(3)(d).  Based on the calculation of sentencing points under FLA. STAT. § 921.0024(2), the trial court explained to Petitioner during the guilty plea colloquy that the lowest possible prison sentence was 311.25 months, with a maximum sentence of life imprisonment.  After sentencing, Petitioner argued in state court that FLA. STAT. § 921.0024(2) was facially unconstitutional as a violation Blakely v. Washington, 542 U.S. 296 (2004), since the "floating maximum" allowed a judge to enhance a sentence beyond the statutory maximum

based on facts not found by a jury.  The First District Court of Appeal, in an unwritten opinion, dismissed this attack for lack of standing.  Petitioner raises these same claims in the instant petition, alleging a violation of the Sixth Amendment, the Eight Amendment, and the Fourteenth Amendment.

In the Report and Recommendation, the Magistrate states that all of Petitioner's challenges to FLA. STAT. § 921.0024(2) in state court were facial challenges, and therefore this is the only federal claim that has been exhausted and can be presented in this court.  Accordingly, the issue in this case is *not* whether FLA. STAT. § 921.0024(2) is unconstitutional as applied to Petitioner.  Because Petitioner's challenges to victim injury points and the possibility of a life sentence are merely hypothetical, as neither applies to Petitioner, the Magistrate recommends that these claims be dismissed for lack of standing.  Even assuming that standing exists, the Magistrate concludes that Petitioner's claims are without merit, since Petitioner's sentence was enhanced based on prior convictions, and Apprendi and Blakely have held that such enhancement does not violate the Sixth Amendment.

In his objections to the Magistrate's Report, Petitioner Owens argues that existence of a "floating maximum" under FLA. STAT. § 921.0024(2) violates due process since it fails to provide notice that the maximum sentence under FLA. STAT. § 775.082(3)(d) could be enhanced fivefold.  Because Petitioner's sentence was so enhanced, he also contends that it is grossly disproportional to the crime committed, and violates the Eighth Amendment.  As to the first claim, the Florida Supreme Court has already considered and rejected Petitioner's due process argument, finding that publication of the Criminal Punishment  Code gives a defendant constructive notice of the penalty for statutory crimes.  See Hall v. State, 823 So.2d 757, 764

(Fla. 2002). Assuming that Petitioner's 311.25 month sentence is grossly disproportionate to the offense of identify theft causing a monetary loss of $3,651.23, the Magistrate concluded that this recidivist sentence is not out of line with sentences the Supreme Court has found not to violate the Eighth Amendment. The Court agrees with the Magistrate that based on Petitioner's prior criminal history, his enhanced sentence presents no Eighth Amendment violation.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Petitioner Owens' petition for writ of habeas corpus, Doc. 1, is DENIED WITH PREJUDICE.

**DONE AND ORDERED** this __10th__ day of December, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge